# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

LINDA CHAVERS,

      Plaintiff,

v.

      Case No.: 3:22-cv-22060

THE UNITED STATES LIFE INSUR. CO. IN THE CITY OF NEW YORK,

      Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, LINDA CHAVERS (hereinafter, "Plaintiff"), by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant THE UNITED STATES LIFE INSUR. CO. IN THE CITY OF NEW YORK (hereinafter "Defendant"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA). Plaintiff seeks to recover benefits she claims are due to her under her employer's group policy issued by Defendant which she claims have been wrongfully denied.

## PARTIES

2. At all times material hereto, Plaintiff was and is an adult resident

citizen of Santa Rosa County, Florida, and otherwise a resident of the State of Florida.

3. At all times material hereto, Defendant was and is a foreign for profit corporation authorized to engage and engaging in business within the State of Florida, including Santa Rosa County, Florida.

4. At all times relevant to this action, Plaintiff purchased a plan for long term disability benefits pursuant to her former employer American Physical Therapy Association's benefit plan, under plan number G610298 ("the Plan").

5. At all times material to this Complaint, the Plan was in full force and effect and Plaintiff was a Plan participant.

6. Defendant is in possession of all master Plan documents.

## BASIS FOR JURISDICTION

7. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## UNLAWFUL DENIAL OF BENEFITS

8. Plaintiff purchased through her former employer, American Physical Therapy Association, a contract of salary continuance (the Plan) that included long term disability benefits during any period of disability as defined by the Plan.

2

9. On or about December 1, 2016, Plaintiff became totally disabled from her past employment as defined by the Plan, due to a variety of severe impairments including, but not limited to, bilateral knee pain, Fibromyalgia, muscle weakness, DJD, chronic neck pain, neuropathy, headaches, rheumatological disease, hand pain, myalgia, and other exertional and non-exertional impairments.

10. On or about March 28, 2017, Defendant, its agents and/or employees, approved Plaintiff's claim for long term disability, and Plaintiff began receiving long term disability benefits from the Defendant.

11. By letter dated February 11, 2022, Defendant, its agents and/or employees, terminated long term disability benefits payable to Plaintiff as of February 11, 2022

12. By letter dated July 24, 2022, Plaintiff timely submitted her appeal of the termination of her long term disability benefits.

13. On or about July 24, 2022, Defendant received Plaintiff's July 24, 2022 appeal of the termination of her long term disability benefits.

14. By letter dated August 16, 2022, Defendant, its agents and/or employees, wrote to Plaintiff, stating as follows:

> "We have started a review in response to your appeal of the termination of your client's Long Term Disability (LTD) claim, which was received on 07/24/2022. We will contact you with an update as soon as possible ... We will render a decision within 45 days; however, we may take an additional 45 days to make the decision if there are special circumstances. We will tell you if an extension is needed."

15. By letter dated September 1, 2022, Defendant, its agents and/or employees, wrote to Plaintiff, stating as follows:

> "We are currently considering an appeal of our decision as requested by your letter dated 07/24/2022 which we received on 07/24/2022. The Policy allows the insurance company 45 days to make an appeal decision unless there are special circumstances that prevent completion of the review in that time period. In such circumstances, the decision period can be extended by an additional 45 days. We are unable to make a decision on your appeal during the initial 45 day period because we obtained an independent medical records review and have referred the information in the file for an updated Employability Analysis Review and are awaiting receipt of the completed report. We are continuing our evaluation and will make a decision as soon as possible. The decision should be made prior to 10/22/2022."

16. As of the date of the instant filing, no decision on Plaintiff's long term disability appeal has been received by Plaintiff.

17. The Plan and the Federal Regulations applicable thereto, dictate that a decision on an administrative appeal must be made within forty-five (45) days of the date a request for review has been received by the Defendant. If the decision

4

cannot be made within such time period, the Defendant will be allowed forty-five (45) additional days to do so, provided that the Defendant requests such additional time prior to the expiration of the initial 45-day time period. If the Defendant needs more time, it must notify Plaintiff in writing. The Defendant may take up to two 30-day extensions thereafter, if necessary, provided that the Defendant requests such additional time prior to the expiration of the prior extension, which the Defendant did not do in the instant matter.

18. As of the date of the instant filing, approximately one hundred (100) days have passed since Plaintiff's appeal was received by the Defendant on July 24, 2022.

19. The Defendant has not requested any additional 30-day extensions in writing to Plaintiff, after requesting arguably, albeit ambiguously at best, requesting a forty-five (45) extension in writing to Plaintiff by letter to Plaintiff dated September 1, 2022.

21. In any case, more than forty-five days have passed since September 1, 2022, without Defendant requesting in writing to Plaintiff any additional time, i.e., a 30-day extension, in which to render a decision on Plaintiff's July 24, 2022 long term disability appeal. Thus, Plaintiff has exhausted her administrative

cannot be made within such time period, the Defendant will be allowed forty-five (45) additional days to do so, provided that the Defendant requests such additional time prior to the expiration of the initial 45-day time period. If the Defendant needs more time, it must notify Plaintiff in writing. The Defendant may take up to two 30-day extensions thereafter, if necessary, provided that the Defendant requests such additional time prior to the expiration of the prior extension, which the Defendant did not do in the instant matter.

18. As of the date of the instant filing, approximately one hundred (100) days have passed since Plaintiff's appeal was received by the Defendant on July 24, 2022.

19. The Defendant has not requested any additional 30-day extensions in writing to Plaintiff, after requesting arguably, albeit ambiguously at best, requesting a forty-five (45) extension in writing to Plaintiff by letter to Plaintiff dated September 1, 2022.

21. In any case, more than forty-five days have passed since September 1, 2022, without Defendant requesting in writing to Plaintiff any additional time, i.e., a 30-day extension, in which to render a decision on Plaintiff's July 24, 2022 long term disability appeal. Thus, Plaintiff has exhausted her administrative

remedies by operation of law, and Defendant has waived its right to review Plaintiff's appeal, and has otherwise violated the ERISA regulations applicable to its "cut-off" of long term disability benefits decision, thus providing this Court with a *de novo* review of Plaintiff's claim for long term disability benefits.

22.    Plaintiff continues to suffer from a variety of severe impairments including, but not limited to, bilateral knee pain, Fibromyalgia, muscle weakness, DJD, chronic neck pain, neuropathy, headaches, rheumatological disease, hand pain, myalgia, and other exertional and non-exertional impairments, which render her disabled as defined by the Plan and thus Plaintiff remains entitled to receive long term disability benefits under the Plan.

23.    Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

WHEREFORE, Plaintiff prays for a judgment against the Defendant THE UNITED STATES LIFE INSUR. CO. IN THE CITY OF NEW YORK for all Plan benefits owing at the time of said judgment, back-due benefits from the date of Defendant's long term disability benefits cut-off, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by

the Court.

Dated: November 1, 2022

                                                          */s/Daniel J. Finelli*
Daniel J. Finelli, Esq.
Florida Bar No.: 101084
d.finelli@solowaylawfirm.com
Daniel M. Soloway, Esq.
Florida Bar No.: 508942
d.soloway@solowaylawfirm.com
Soloway Law Firm
1013 Airport Blvd.
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (F)
Attorneys for Plaintiff